UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MENACHEM LANGER, | ) | |
|---|---|---|
| | ) | Case No. 3:22-cv-449 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| THE INDIVIDUAL MEMBERS OF THE TENNESSEE BOARD OF LAW EXAMINERS, in their official capacities, | ) ) ) ) | |
| *Defendant*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant, the Individual Members of the Tennessee Board of Law Examiners' (the "TBLE"), motion for judgment on the pleadings (Doc. 35). For the following reasons, the Court will **GRANT** the TBLE's motion (*id.*).

I. **BACKGROUND**

A. **Factual History**

After graduating law school and passing the bar exam, Plaintiff Menachem Langer applied for admission to the Tennessee Bar. (Doc. 1, at 2.) The TBLE denied his application. (*Id.*)

As part of its law-licensing process, Tennessee requires that an applicant undergo a character-and-fitness investigation before it will admit an applicant to practice law. (*Id.* at 1.) Tennessee's Supreme Court promulgates rules governing this process. (*Id.*); *see generally* Tenn. Sup. Ct. R. 7. One rule sets the overarching character-and-fitness standard an applicant must satisfy to gain admission:

> An applicant shall not be admitted if the [TBLE] finds reasonable doubt as to that applicant's reputation, character, honesty, respect for the rights of others, fitness to practice law, and adherence to and obedience to the Constitution and laws of Tennessee and the United States, and concludes that such applicant is not likely to adhere to the duties and standards of conduct imposed on attorneys in this State. Any conduct which would constitute grounds for discipline if engaged in by an attorney in this State shall be considered by the [TBLE] in making its evaluation of the character of an applicant.

Tenn. Sup. Ct. R. 7, § 6.01(a). The rule also empowers the TBLE to adopt policy statements guiding the standard's application. *Id.* § 6.01(b). Applicants undergo interviews with licensed attorneys, who are tasked with determining whether applicants meet the standard. *Id.* §§ 6.02, 6.03; (Doc. 1, at 9.) Interviewers report their findings to the TBLE and make one of three conclusions: (1) recommend for license and admissions fully; (2) recommend with reservations; (3) or do not recommend. Tenn. Sup. Ct. R. 7, § 6.03(e). A denial on character-and-fitness grounds triggers Tennessee Supreme Court Rule Section 9.07, which prevents an applicant from reapplying for bar admission in the state for three years. *Id.* § 9.07.

In 2020, Langer applied for admission to the Tennessee Bar. (Doc. 1, at 9.) Ultimately, the TBLE denied his application on character-and-fitness grounds, meaning Langer could not reapply for admission within three years. (Doc. 8, at 88); *see* Tenn. Sup. Ct. R. 7, § 9.07.

**B.     Procedural History**

Langer filed this action on December 15, 2022, asserting claims against the TBLE for: (1) violation of Title II of the Americans with Disabilities Act ("ADA"), 29 U.S.C. § 701 *et seq.*; and (2) violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983. (*Id.* at 16–19.) The TBLE moved to dismiss all claims against it. (Doc. 13.) The Court granted this motion in part and denied it in part, dismissing Langer's as-applied challenges to the character-and-fitness rule and the accompanying three-year-reapplication ban on the basis that the *Rooker-Feldman* doctrine

barred its consideration of the TLBE's decision as to Langer's admission. (Doc. 19, at 12.) However, the Court ruled that Langer's facial challenges could proceed. (*Id.* at 22.)

Langer then moved for a preliminary injunction, requesting that the Court: (1) preclude the TBLE from enforcing the three-year reapplication ban, thereby allowing Langer to immediately reapply for bar admission; (2) require the TBLE to adopt a statement of policy pursuant to Tenn. Sup. Ct. R. 7 § 6.01(b) to guide and implement the application of the character-and-fitness rule in conformity with Title II of the ADA; and (3) preclude the TBLE from "harassment and/or discrimination against Plaintiff on the basis of his disability" in his reapplication for bar admission. (Doc. 23.) The TBLE then moved for judgment on the pleadings on all claims against it (Doc. 35). The Court held a hearing on the motion for preliminary injunction on August 1, 2023 (Doc. 39).

On August 3, 2023, the Court issued a memorandum opinion in which it denied Langer's motion for preliminary injunction. (Doc. 42.) The Court also granted the TBLE's motion for judgment on the pleadings with respect to Langer's facial due-process claims. (*Id.*) Lastly, the Court allowed the parties to provide supplemental briefing on the TBLE's motion for judgment on the pleadings with respect to Langer's ADA and equal-protection-clause claims. (*Id.*) The TBLE provided supplemental briefing, but Langer did not do so. Therefore, the TBLE's motion for judgment on the pleadings is ripe for the Court's review.

## II.  STANDARD OF REVIEW

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(c). A Rule 12(c) motion for judgment on the pleadings is analyzed using the same standards that apply to 12(b)(6) motions for failure to state a claim. *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). Thus, on a Rule 12(c) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. For purposes of this determination, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007)). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "A motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Tucker*, 539 F.3d at 549.

III.    ANALYSIS

    A.    **Equal Protection Claim**

Langer asserts a claim against the TBLE under the Equal Protection Clause of the Fourteenth Amendment, alleging that the character-and-fitness standard and three-year ban discriminate against individuals with physical disabilities. (Doc. 1, at 18–19.) Laws that facially classify based on disability do not run afoul of the Equal Protection Clause so long as they are rationally related to a legitimate state interest. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 446 (1985); *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 457 (6th Cir. 2008) (citing *Tennessee v. Lane*, 541 U.S. 509, 522 (2004)). Such a classification's "relationship to an asserted goal" cannot be "so attenuated as to render the distinction arbitrary or irrational." *Cleburne*, 473 U.S. at 446. The "desire to harm a politically unpopular group" is not a legitimate state interest. *Id.* at 447.

In this case, the character-and-fitness standard and three-year ban are not facial classifications; as Langer points out, neither rule invoked requires an applicant to disclose information about his medical history. (Doc. 23, at 13–14.) As a result, his facial challenge under the Equal Protection Clause necessarily fails. Even if the two rules classified based on disability status, law licensing is a compelling state interest—a higher standard than the legitimate-state-interest requirement—and the rules are rationally related to Tennessee's interest in ensuring its attorneys are competent. *See Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975)

("States have a compelling interest in the practice of professions within their boundaries, and that as part of their power to protect public health, safety, and other valid interests they have broad power to establish standard for licensing practitioners and regulating the practice of professions."). Accordingly, the Court will grant the TBLE's motion for judgment on the pleadings (Doc. 35) with respect to Langer's Equal Protection claim.

## B.   ADA Claim

Langer also asserts that both the character-and-fitness standard and three-year ban on reapplication facially violate the ADA. (Doc. 1, at 16–18.) Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In support of its motion for judgment on the pleadings, the TBLE argues that: (1) because it is facially neutral, the character and fitness standard cannot exclude anyone due to disability; (2) there are many situations in which the standard does not violate the ADA, meaning a facial challenge fails; (3) the standard is solely composed of essential eligibility requirements to become a licensed attorney in Tennessee; and (4) the standard falls under the "direct threat" exception to the ADA. (Doc. 43, at 2–5.) Because the second argument is dispositive, the Court will not address the other arguments.

The TBLE argues that the Court should dismiss Langer's facial ADA claim because circumstances exist in which the character-and-fitness standard does not violate the ADA. (Doc. 43, at 2–3.) In *United States v. Salerno*, 481 U.S. 739 (1987), the Supreme Court held that, for a facial challenge to succeed, a "challenger must establish that no set of circumstances exists under which the [a]ct would be valid." 481 U.S. at 745. Although the Sixth Circuit has not addressed

whether the *Salerno* standard applies to facial challenges brought under the ADA, other courts have adopted this standard. *See Witzke v. Idaho State Bar*, 1:22-cv-90, 2022 WL 17340272, at *13 (D. Idaho Nov. 29, 2022); *Children's Health Defense v. Fed. Comc'n Comm'n*, 25 F.4th 1045, 1051–52 (D.C. Cir. 2022); *Yount v. Regent Univ.*, No. CV 08-8011, 2008 WL 4104102, at *3 (D. Ariz. Aug. 22, 2008). The Supreme Court has also adopted this reasoning, albeit in dicta. *See Anderson v. Edwards*, 514 U.S. 146, 155 n.6 (1995) (citing *Salerno*, 481 U.S. at 745) (discussing that respondents "could not sustain their burden [under *Salerno*] even if they showed that a possible application of the rule (in concert with another statute or regulation) violated federal law").

A recent case from the United States District Court for the District of Idaho squares with the current issue. In *Witzke*, a plaintiff challenged Idaho's bar-admissions schedule, including a rule that allowed Idaho's board of bar examiners to "investigate each [a]pplicant's character and fitness to practice law." 2022 WL 17340272, at *2. The plaintiff argued that this rule granted the Idaho State Bar "unfettered discretion" to discriminatorily deny bar membership to anyone with a mental disability. *Id.* at *14. The Court granted the defendant's motion to dismiss and, in dicta, applied the *Salerno* standard and reasoned that "it is the very discretion . . . that dooms [the plaintiff's] facial challenge." *Id.* The Court further stated:

> Inherent in the discretion conferred by the [rules] is the wide range of outcomes that may result from the exercise of that discretion. And if a wide range of outcomes may result, the *Salerno* standard that "no set of circumstances exist" under which the [rules] would be valid under the ADA . . . is very difficult to surmount.

*Id.*

In this case, the same is true. Langer does not allege that the character-and-fitness standard and three-year ban violate the ADA in all cases. Rather, he argues that the rules

7

Case 3:22-cv-00449-TRM-JEM   Document 44   Filed 09/11/23   Page 7 of 8   PageID #: 391

"allow[] for discrimination in violation of the ADA." (Doc. 23, at 14.) Like in *Witzke*, the TBLE's discretion dooms Langer's challenge. If the TBLE can apply the standard in a variety of ways, there are various application that are valid under the ADA. By way of example, the TBLE could deny an applicant on character-and-fitness grounds for a serious crime or for lying to an interviewer—neither application would violate the ADA. Accordingly, the Court grants the TBLE's motion for judgment on the pleadings with respect to Langer's ADA claim.

## IV. CONCLUSION

For the following reasons, the Court **GRANTS** the TBLE's motion for judgment on the pleadings (Doc. 35). Langer's remaining claims are **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**